# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                    Case No. 03-CR-37

JAMES D. LUEDTKE,

        Defendant.

---

## ORDER

---

      In 2003, a jury found James D. Luedtke guilty of armed bank robbery, use of a firearm in a crime of violence, felon in possession of a firearm, and aiding and abetting the making of false statements during the acquisition of firearms. *See* 18 U.S.C. §§ 2113(a) and (d), 924(c), 922(g)(1) and 926(a)(6) and (2). He was sentenced to a total of 444 months and ordered to pay restitution of $12,377. The Judgment of Conviction was entered on January 16, 2004. The conviction was affirmed on appeal to the United States Court of Appeals for the Seventh Circuit by unpublished order dated March 10, 2005. The case is now before me on Luedtke's motion for an order to vacate the portion of the judgment relating to restitution. He claims that the court violated his right to due process by ordering him to pay restitution of $12,377 to some unknown person in Oklahoma. He also claims that the court erred in failing to consider his indigency and that his attorney was ineffective in failing to raise the issue.

Luedtke's motion will be denied. Absent a specific statute or rule, a district court lacks jurisdiction to revisit a sentence. *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). Luedtke failed to challenge the restitution order in his direct appeal and cites no statute that would authorize such an attack at this time. He is too late to seek relief under Fed. R. Crim. P. 35 or 28 U.S.C. § 2255. Relief under 28 U.S.C. § 2255 would not have been available in any event. *See Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir.1997) ("We hold here only that § 2255 is not available to challenge an order of restitution imposed as part of a criminal sentence.").

Moreover, even if the issue were properly before me, it is clear that the portion of the judgment directing payment of restitution is properly supported by the record. The Presentence Investigation Report (PSR) specifically noted the loss to the bank Luedtke was found to have robbed at paragraphs 20 and 21. This portion of the PSR establishes that the bank Luedtke was found to have robbed was insured by BancInsure, Inc., of Oklahoma City, Oklahoma. By virtue of its payments to its insured, BancInsure became subrogated to the interests of the victim. Luedtke did not object to this portion of the presentence report at the time of sentencing. Thus, the judgment correctly ordered Luedke to pay restitution to BancInsure. In addition, restitution for armed robbery is mandatory. *See* 18 U.S.C. § 3663(A). Thus, there was no need for the court to consider Luedtke's indigency, the length of his sentence or any other factors in deciding whether he should be ordered to pay the full amount of the restitution that was due. Finally, since Luedtke has failed to point out any basis for concluding that the restitution order was defective, his claims of ineffective assistance of counsel also fail. Counsel cannot be ineffective for failing to bring to the attention of the court defects that do not exist.

2

In short, Luedtke was properly ordered to pay restitution to BancInsure of Oklahoma City, Oklahoma. But even if the court had erred in its determination of the amount of restitution he was required to pay, or the proper payee, Luedtke waived the issue by failing to raise it on appeal of his conviction. This court has no jurisdiction to grant the relief requested at this time.

**SO ORDERED** this   16th   day of October, 2006.


s/ William C. Griesbach
William C. Griesbach
United States District Judge

3