UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                            Case No. 03-CR-37

JAMES D. LUEDTKE,

        Defendant.

**ORDER DENYING MOTION FOR TRANSCRIPT**

        In 2003, a jury found James D. Luedtke guilty of Armed Bank Robbery, Use of a Firearm in a Crime of Violence, Felon in Possession of a Firearm, and Aiding and Abetting the Making of False Statements During the Acquisition of Firearms. He was sentenced to a total of 444 months and ordered to pay restitution. Luedtke thereafter appealed his conviction, and the Seventh Circuit affirmed on April 4, 2005. On June 23, 2010, Luedtke filed a motion for an order for transcripts. He states that he intends to file a "petition for determination regarding his unconstitutional 42 year prison sentence" pursuant to 28 U.S.C. § 2106.

        The Court may order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the appeal is not frivolous, but presents a substantial question." 28 U.S.C. § 753(f). I am unable to make such a certification in this case. Luedtke has already directly appealed his conviction and a transcript of the proceedings were produced at that time. He offers nothing but speculation as to the possible grounds for further review. Moreover, the one-year statute of limitation for post-conviction relief in federal cases has expired. *See* 28 U.S.C. § 2255(f).

The statute Luedtke cites as authority to seek further review, 28 U.S.C. § 2106, merely authorizes the Supreme Court or other court of appellate jurisdiction to "affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court *lawfully brought before it for review. . .*" 28 U.S.C. § 2106. It is not itself authorization to bring an action in the district court.

Finally, Luedtke alleges, without any basis, that the indictment in the case was not properly signed by the foreperson of the grand jury, but was rubber stamped. His allegation is based upon unnamed sources unrelated to his case. In fact, there is no suggestion that the anonymous source has any specific information about Luedtke's case. In any event, a motion alleging a defect in the indictment must be raised before trial. Fed. R. Crim. P. 12(b)(3)(B).

For all of these reasons, Luedtke's motion is denied.

**SO ORDERED** this   25th   day of June, 2010.

>   s/ William C. Griesbach
>   William C. Griesbach
>   United States District Judge