UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                           Case No. 03-CR-37

JAMES D. LUEDTKE,

        Defendant.

---

### ORDER DENYING MOTIONS FOR RECUSAL, APPOINTMENT OF COUNSEL AND COMPASSIONATE RELEASE

---

On September 3, 2003, a federal jury sitting in Green Bay, Wisconsin found James D. Luedtke guilty of the December 13, 2002 armed robbery of the Premier Community Bank in Iola, Wisconsin. The jury also returned verdicts of guilty as to brandishment of a firearm during and in relation to a crime of violence, possession of a firearm by a felon, and two counts of making false statements in acquisition of a firearm. Luedtke received a total sentence of 444 months, or 37 years. His conviction was affirmed by unpublished order entered on March 10, 2005. The case is currently before me on Luedtke's motions that I recuse myself, appoint counsel to represent him, and that he be granted compassionate release from his sentence. For the reasons that follow, the motions will be denied.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Hook v McDade*, 89 F.3d 350, 354 (7th Cir. 1996). "The question is how things appear to the well informed, thoughtful observer rather than

to a hypersensitive or unduly suspicious person." *Id*. Applying this standard here, I find no basis upon which I can recuse myself. Other than Ludtke's unsupported accusations and Hitlarian references, his complaint seems to be that I imposed a significant sentence and previously denied a motion for compassionate release in his case. The sentence imposed by the court was reasonable and, in fact, was never challenged by Luedtke on appeal. With respect to his previous motion for compassionate release, the court explained it was denying his motion because he had failed to exhaust his administrative remedies. Dkt. No. 142. Luedtke did not appeal that decision either. Under these circumstances, there is no basis upon which the court can or should recuse itself from further consideration in Luedtke's case.

Luedtke's motion for appointment of counsel is also denied. He has no constitutional or even statutory right to the appointment of counsel at this stage of his proceedings. While under some circumstances the court can exercise its discretion to recruit counsel to assist an indigent litigant, the reasons warranting such discretion in Luedtke's favor are not present here. His motion does not indicate any inability on his own part to explain why he believe he is entitled to compassionate release. There are no facts to discover, and it is apparent that he is not entitled to such relief.

In order to be entitled to compassionate release, Luedtke would be required to show "extraordinary and compelling circumstances" warrant a reduction and that the reduction is consistent with applicable policy statements issued by the Sentencing Commission under 18 U.S.C. § 3582(c)(1). Luedtke has failed to do so here. His motion recites allegations of health concerns, but there are no medical records to substantiate them. Even aside from the lack of documentation, the allegations do not support compassionate release at this time under §3582(c)(1). Luedtke's primary argument seems to be that he fears injury by other inmates. He

states he is 59 years of age, is suffering from carpal tunnel syndrome in his right hand, has cardiovascular disease, early onset Alzheimer's disease, is not receiving nutritious meals and fears that he would be subject to attacks by other inmates. None of the conditions appear so severe as to permit immediate release under the statute cited. Luedtke's filings are themselves clear and coherent, which significantly undermines his claim that he is presently suffering from a severe mental impairment. The Bureau of Prisons is more than capable of addressing the medical conditions alleged and providing nutritious meals and a safe environment for inmates such as Luedtke.

Finally, given the seriousness of Luedtke's offenses and his criminal record at the time he committed the additional offenses, release of Luedtke at this time would be inconsistent with the goals of imposing just punishment, deterrence, and protecting the public of further crimes of the defendant. Under these circumstances, Luedtke's motions for recusal (Dkt. No. 143), appointment of counsel (Dkt. No. 145), and compassionate release (Dkt. Nos. 144) are denied.

**SO ORDERED** at Green Bay, Wisconsin this 16th day of June, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge