UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                         Case No. 03-CR-37

JAMES D. LUEDTKE,

        Defendant.

---

## ORDER DENYING MOTION FOR SENTENCE REDUCTION

---

On September 3, 2003, a jury convicted James D. Luedtke of five counts arising out of an armed bank robbery: Count 1 – Bank Robbery by Force, Violence, and Intimidation in violation of 18 U.S.C. § 2113(a)(b); Count 2 – Knowingly Brandishing a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c); Count 3 – Possession of a Firearm Transported in Interstate Commerce After Having Been Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year in violation of 18 U.S.C. § 922(g)(1); and Counts 4-5 – Aiding and Abetting the Making of False Statements in the Sale and Disposition of a Firearm in violation of 18 U.S.C. §§ 922(a)(6) and 2. On January 14, 2004 Luedtke was sentenced to 300 months as to Count 1, 84 months as to Count 2, and 60 months as to Counts 3 and 5. The sentences in Counts 3 and 5 were concurrent with each other but consecutive to Counts 1 and 2, bringing Luedtke's total term of imprisonment to 444 months, or 37 years.

Luedtke appealed his conviction and sentence to the Seventh Circuit, which affirmed the Judgment entered by the court in an unpublished decision. Dkt. No. 121. He then filed several other motions seeking various forms of relief, all of which were denied. More recently he appealed

this court's denial of his compassionate release motion and motion for recusal of judge and prosecutor. This appeal was also denied. Dkt. No. 151.

On April 29, 2024, Luedtke filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). He claims that he is entitled to a reduction in his sentencing guideline range as a result of Amendment 821 to the United States Sentencing Guidelines. More specifically, he argues that changes to the status point calculations would have reduced his criminal history category, thereby entitling him to a shorter sentence.

Luedtke is mistaken. He was determined to be a career offender under U.S.S.G. § 4B1.1 which mandated that his total offense level was 34 and his criminal history category was VI. Moreover, even aside from his career offender designation, he had an extensive criminal record that yielded a total of 16 criminal history point–even without consideration of the two-level increase because he was on parole. In other words, regardless of Amendment 821, Luedtke would be a criminal history category VI. As a result, he is not entitled to relief under § 3582(c)(2).

Finally, even if Luedtke was otherwise eligible for relief under § 3582(c)(2), the seriousness of his offense, the effects upon the victims, and his conduct while in prison, all described in the Government's objection to his reduction, warrant a denial of his motion. Under these circumstances, Luedtke's motion must be denied.

**SO ORDERED** at Green Bay, Wisconsin this 24th day of October, 2024.

                                                    s/ William C. Griesbach
                                                    William C. Griesbach
                                                    United States District Judge